# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITE HERE HEALTH et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:13-cv-00802-RCJ-NJK |
| vs. ) | |
| ) | |
| PARBALL CORP. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This case arises out of the alleged failure of an employer to comply with a CBA provision requiring that the employer's contractor use only members of a specified bargaining unit for covered work. Pending before the Court are two Motions to Dismiss (ECF Nos. 11, 20). For the reasons given herein, the Court denies the motions.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiffs Unite Here Health and Southern Nevada Culinary & Bartenders Pension Trust are Employee Retirement Income Security Act ("ERISA") trusts entitled to contributions for each hour worked by bartenders and other culinary workers under a Collective Bargaining Agreement ("CBA") to which Defendants Parball Corp., Caesar's Entertainment Corp., and Flamingo Las Vegas Operating Co. are subject. (Compl. ¶¶ 2–7, 9–1, May 7, 2013). Under Article 29 of the CBA, covered work performed on the premises of Flamingo Las Vegas may not be performed under subcontract or sublease unless the relevant agreement specifies that covered work must be performed by members of the Flamingo Las Vegas bargaining unit and that Flamingo Las Vegas will exercise full control over employment; in other words, contracting for outside labor of types

covered by the CBA (bartending and culinary labor), or permitting such outside labor under a lease, is not allowed. (*See id.* ¶ 12). In April 2012, a restaurant called Carlos 'n Charlie's began operations at Flamingo Las Vegas under a sublease from one or more Defendants, and covered labor has been performed there continuously ever since. (*Id.* ¶¶ 13, 19). Defendants reported covered hours at Carlos 'n Charlie's to Plaintiffs and submitted required contributions, accordingly, from March through July 2012, but they stopped reporting and making contributions in August 2012. (*Id.* ¶¶ 20–21). The total delinquency as of April 30, 2013 was $329,031.95. (*Id.* ¶ 26).

Plaintiffs sued Defendants in this Court for: (1) breach of contract under 29 U.S.C. §§ 1132(g)(2) and 1145; (2) breach of fiduciary duty under §§ 1002, 1104, 1109, and 1132; and (3) injunctive relief under § 1132(a)(3). Defendants moved to dismiss. The Court denied Plaintiffs' motion for a preliminary injunction. Plaintiffs an Amended Complaint ("AC"), which Plaintiffs also moved to dismiss.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The Complaint and the AC are identical until paragraph 12. Paragraphs 17–20 of the AC are also identical to paragraphs 13–16 of the Complaint. Paragraphs 22–30 of the AC are also identical to paragraphs 19–27 of the Complaint, except for five extra words in paragraph 22 that do not affect the substance of the allegation therein. Paragraphs 34–36 of the AC are also identical to paragraphs 28–30 of the Complaint. In summary, the AC makes four changes to the Complaint, none of which are substantial.

First, paragraph 12 of the Complaint has been replaced by paragraphs 12–16 of the AC. Paragraph 12 of the Complaint alleged that Article 29 of the CBA requires that any subcontract for covered work at the Flamingo Las Vegas premises must include a clause that the work will only be performed by members of the Flamingo Las Vegas bargaining unit and under the full control of Flamingo Las Vegas. Paragraphs 12–16 of the AC make the same allegation but cite more extensively to the CBA. The thrust of the argumentation in the Motions to Dismiss concerns the illegality of the payment of benefits on behalf of non-employees of the payor. Plaintiff's amplified allegations in the AC that the CBA defines "all employees" as including even those employees not on the employer's payroll but performing work upon the premises does not address Defendants' contentions in the Motions that such contractual definitions do not and cannot supersede the statutory and case-law definitions of "employee" or the statutory prohibition against paying benefits to non-employees.

Second, paragraphs 17–18 of the Complaint have been replaced by paragraph 21 of the AC. Paragraphs 17–18 of the Complaint alleged that Plaintiffs agreed to provide certain benefits to the employees in exchange for Defendants' promise to remit reports and contributions to Plaintiffs, and that Plaintiffs have performed their obligations. In other words, the employees are

third-party beneficiaries of the CBA and Plaintiff trusts have performed under the CBA such that Defendants' performance to the employees is due.  Paragraph 21 of the AC is simply a reworded allegation of the same substance.

Third, the AC adds paragraphs 31–33 between paragraphs 30 and 34, corresponding to paragraphs 27 and 28 of the Complaint, respectively.  Paragraphs 31–33 of the AC allege that certain workers, whom Plaintiffs allege are covered but whom Defendants deny are covered, will not receive health benefits if contributions to the trusts are not made on their behalf, that Defendants are obligated by the CBA and by law to maintain certain records, and that the trusts have a contractual and statutory right to an audit.  This adds nothing to cure the alleged defects in the Complaint.

Finally, the AC adds a fourth cause of action for an audit.  This additional cause of action is really no addition at all, because that measure of relief was already prayed for in the original Complaint, which included a demand for "audit costs" in at least three places.

The Court denies the motions as against the AC.  Defendants argue that the AC fails to state a claim because Defendants are prohibited from making contributions to ERISA funds in a manner contrary to law, *see* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."), and that it would be contrary to law for Defendants to make ERISA contributions for non-employees, such as employees of Carlos 'n Charlie's, *see id.* § 186(a)(1) ("It shall be unlawful for any employer . . . to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value . . . to any representative of any of his employees who are employed in an industry affecting commerce.").  The Court rejects this argument.  Section 186(a)(1) does not appear to prevent an employer from making ERISA contributions based upon the work of the employees of

the employer's subcontractors.  Rather, § 186(a)(1) appears to be an anti-corruption provision that prohibits an employer from providing anything of value to persons who represent the employer's employees as against the employer.  Unless the Carlos 'n Charlie's employees at issue here represent Defendants' own employees as against Defendants in some labor–management role, which no party appears to allege, § 186(a)(1) is not implicated here. The seminal case Defendants cite in support of their position in fact squarely rejects their interpretation of § 186(a)(1). *See Walsh v. Schlecht*, 429 U.S. 401, 407–11 (1977) (noting that § 186(a)(1) is an anti-corruption provision, and that so long as the employees of non-signatory subcontractors do not themselves receive benefits from a trust fund to which their employer is not a signatory, neither the text nor the purpose of the statutes are violated by the enforcement of a CBA provision requiring an employer or subcontractor to make contributions to a trust fund based upon the work of a non-signatory subcontractor's employees); *see also Todd v. Benal Concrete Const. Co.*, 710 F.2d 581, 583 (9th Cir. 1983) (citing *id.* at 407) ("[C]ontributions may reflect work performed by employees of . . . independent subcontractors . . . if the amounts are 'measured by' the number of hours worked.").  "Utilizing this test, we recently approved a clause which required a contractor to make contributions measured by the hours worked by his subcontractors and their employees." *Todd*, 710 F.2d at 583 (citing *Brogan v. Swanson*, 682 F.2d 807, 809 (9th Cir. 1982)).

In any case, the *Walsh* line of cases appears to be inapposite here.  The AC does not simply complain of Defendants' failure to make contributions based upon hours worked by Carlos 'n Charlie's employees—a legitimate complaint under the case law.  The AC complains, in fact, primarily, of Defendants' failure to ensure that their contracts with Carlos 'n Charlie's required that Carlos 'n Charlie's employees were members of the Flamingo Las Vegas bargaining unit in the first instance.  Whether the contract(s) at issue complied with this provision is a matter for trial or summary judgment.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 11, 20) are DENIED.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge