1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    UNITE HERE HEALTH et al.,                      )
                                                    )
8                 Plaintiffs,                       )
                                                    )            2:13-cv-00802-RCJ-NJK
9          vs.                                      )
                                                    )
10   PARBALL CORP. et al.,                          )            **ORDER**
                                                    )
11                Defendants.                       )
     _____           )

12         This case arises out of the alleged failure of an employer to comply with a CBA provision

13   requiring that the employer's contractor use only members of a specified bargaining unit for

14   covered work.  Pending before the Court are two Motions to Dismiss (ECF Nos. 11, 20).  For the

15   reasons given herein, the Court denies the motions.

16   **I.    FACTS AND PROCEDURAL HISTORY**

17         Plaintiffs Unite Here Health and Southern Nevada Culinary & Bartenders Pension Trust

18   are Employee Retirement Income Security Act ("ERISA") trusts entitled to contributions for each

19   hour worked by bartenders and other culinary workers under a Collective Bargaining Agreement

20   ("CBA") to which Defendants Parball Corp., Caesar's Entertainment Corp., and Flamingo Las

21   Vegas Operating Co. are subject. (Compl. ¶¶ 2–7, 9–1, May 7, 2013).  Under Article 29 of the

22   CBA, covered work performed on the premises of Flamingo Las Vegas may not be performed

23   under subcontract or sublease unless the relevant agreement specifies that covered work must be

24   performed by members of the Flamingo Las Vegas bargaining unit and that Flamingo Las Vegas

25   will exercise full control over employment; in other words, contracting for outside labor of types

1  covered by the CBA (bartending and culinary labor), or permitting such outside labor under a

2  lease, is not allowed. (*See id.* ¶ 12).  In April 2012, a restaurant called Carlos 'n Charlie's began

3  operations at Flamingo Las Vegas under a sublease from one or more Defendants, and covered

4  labor has been performed there continuously ever since. (*Id.* ¶¶ 13, 19).  Defendants reported

5  covered hours at Carlos 'n Charlie's to Plaintiffs and submitted required contributions,

6  accordingly, from March through July 2012, but they stopped reporting and making contributions

7  in August 2012. (*Id.* ¶¶ 20–21).  The total delinquency as of April 30, 2013 was $329,031.95. (*Id.*

8  ¶ 26).

9        Plaintiffs sued Defendants in this Court for: (1) breach of contract under 29 U.S.C.

10 §§ 1132(g)(2) and 1145; (2) breach of fiduciary duty under §§ 1002, 1104, 1109, and 1132; and

11 (3) injunctive relief under § 1132(a)(3).  Defendants moved to dismiss.  The Court denied

12 Plaintiffs' motion for a preliminary injunction.  Plaintiffs an Amended Complaint ("AC"), which

13 Plaintiffs also moved to dismiss.

14 **II.    LEGAL STANDARDS**

15       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

16 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

17 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

18 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

19 that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

20 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

21 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

22 failure to state a claim, dismissal is appropriate only when the complaint does not give the

23 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

24 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

25 sufficient to state a claim, the court will take all material allegations as true and construe them in

1   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

2   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

3   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

4   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

5   with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

6   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

7   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

8   pleads factual content that allows the court to draw the reasonable inference that the defendant is

9   liable for the misconduct alleged."). In other words, under the modern interpretation of Rule

10   8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

11   plead the facts of his own case so that the court can determine whether the plaintiff has any

12   plausible basis for relief under the legal theory he has specified, assuming the facts are as he

13   alleges (*Twombly-Iqbal* review).

14       "Generally, a district court may not consider any material beyond the pleadings in ruling

15   on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

16   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

17   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

18   whose contents are alleged in a complaint and whose authenticity no party questions, but which

19   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

20   motion to dismiss" without converting the motion to dismiss into a motion for summary

21   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

22   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

23   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

24   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

25

1    summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

2    2001).

3    **III.    ANALYSIS**

4          The Complaint and the AC are identical until paragraph 12.  Paragraphs 17–20 of the AC

5    are also identical to paragraphs 13–16 of the Complaint.  Paragraphs 22–30 of the AC are also

6    identical to paragraphs 19–27 of the Complaint, except for five extra words in paragraph 22 that

7    do not affect the substance of the allegation therein.  Paragraphs 34–36 of the AC are also

8    identical to paragraphs 28–30 of the Complaint.  In summary, the AC makes four changes to the

9    Complaint, none of which are substantial.

10         First, paragraph 12 of the Complaint has been replaced by paragraphs 12–16 of the AC.

11   Paragraph 12 of the Complaint alleged that Article 29 of the CBA requires that any subcontract

12   for covered work at the Flamingo Las Vegas premises must include a clause that the work will

13   only be performed by members of the Flamingo Las Vegas bargaining unit and under the full

14   control of Flamingo Las Vegas.  Paragraphs 12–16 of the AC make the same allegation but cite

15   more extensively to the CBA.  The thrust of the argumentation in the Motions to Dismiss

16   concerns the illegality of the payment of benefits on behalf of non-employees of the payor.

17   Plaintiff's amplified allegations in the AC that the CBA defines "all employees" as including

18   even those employees not on the employer's payroll but performing work upon the premises does

19   not address Defendants' contentions in the Motions that such contractual definitions do not and

20   cannot supersede the statutory and case-law definitions of "employee" or the statutory

21   prohibition against paying benefits to non-employees.

22         Second, paragraphs 17–18 of the Complaint have been replaced by paragraph 21 of the

23   AC.  Paragraphs 17–18 of the Complaint alleged that Plaintiffs agreed to provide certain benefits

24   to the employees in exchange for Defendants' promise to remit reports and contributions to

25   Plaintiffs, and that Plaintiffs have performed their obligations.  In other words, the employees are

1    third-party beneficiaries of the CBA and Plaintiff trusts have performed under the CBA such that

2    Defendants' performance to the employees is due.  Paragraph 21 of the AC is simply a reworded

3    allegation of the same substance.

4         Third, the AC adds paragraphs 31–33 between paragraphs 30 and 34, corresponding to

5    paragraphs 27 and 28 of the Complaint, respectively.  Paragraphs 31–33 of the AC allege that

6    certain workers, whom Plaintiffs allege are covered but whom Defendants deny are covered, will

7    not receive health benefits if contributions to the trusts are not made on their behalf, that

8    Defendants are obligated by the CBA and by law to maintain certain records, and that the trusts

9    have a contractual and statutory right to an audit.  This adds nothing to cure the alleged defects in

10   the Complaint.

11        Finally, the AC adds a fourth cause of action for an audit.  This additional cause of action

12   is really no addition at all, because that measure of relief was already prayed for in the original

13   Complaint, which included a demand for "audit costs" in at least three places.

14        The Court denies the motions as against the AC.  Defendants argue that the AC fails to

15   state a claim because Defendants are prohibited from making contributions to ERISA funds in a

16   manner contrary to law, *see* 29 U.S.C. § 1145 ("Every employer who is obligated to make

17   contributions to a multiemployer plan under the terms of the plan or under the terms of a

18   collectively bargained agreement shall, to the extent not inconsistent with law, make such

19   contributions in accordance with the terms and conditions of such plan or such agreement."), and

20   that it would be contrary to law for Defendants to make ERISA contributions for non-employees,

21   such as employees of Carlos 'n Charlie's, *see id.* § 186(a)(1) ("It shall be unlawful for any

22   employer . . . to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing

23   of value . . . to any representative of any of his employees who are employed in an industry

24   affecting commerce.").  The Court rejects this argument.  Section 186(a)(1) does not appear to

25   prevent an employer from making ERISA contributions based upon the work of the employees of

1   the employer's subcontractors.  Rather, § 186(a)(1) appears to be an anti-corruption provision

2   that prohibits an employer from providing anything of value to persons who represent the

3   employer's employees as against the employer.  Unless the Carlos 'n Charlie's employees at

4   issue here represent Defendants' own employees as against Defendants in some

5   labor–management role, which no party appears to allege, § 186(a)(1) is not implicated here.

6   The seminal case Defendants cite in support of their position in fact squarely rejects their

7   interpretation of § 186(a)(1). *See Walsh v. Schlecht*, 429 U.S. 401, 407–11 (1977) (noting that

8   § 186(a)(1) is an anti-corruption provision, and that so long as the employees of non-signatory

9   subcontractors do not themselves receive benefits from a trust fund to which their employer is

10  not a signatory, neither the text nor the purpose of the statutes are violated by the enforcement of

11  a CBA provision requiring an employer or subcontractor to make contributions to a trust fund

12  based upon the work of a non-signatory subcontractor's employees); *see also Todd v. Benal*

13  *Concrete Const. Co.*, 710 F.2d 581, 583 (9th Cir. 1983) (citing *id.* at 407) ("[C]ontributions may

14  reflect work performed by employees of . . . independent subcontractors . . . if the amounts are

15  'measured by' the number of hours worked.").  "Utilizing this test, we recently approved a clause

16  which required a contractor to make contributions measured by the hours worked by his

17  subcontractors and their employees." *Todd*, 710 F.2d at 583 (citing *Brogan v. Swanson*, 682 F.2d

18  807, 809 (9th Cir. 1982)).

19       In any case, the *Walsh* line of cases appears to be inapposite here.  The AC does not

20  simply complain of Defendants' failure to make contributions based upon hours worked by

21  Carlos 'n Charlie's employees—a legitimate complaint under the case law.  The AC complains,

22  in fact, primarily, of Defendants' failure to ensure that their contracts with Carlos 'n Charlie's

23  required that Carlos 'n Charlie's employees were members of the Flamingo Las Vegas

24  bargaining unit in the first instance.  Whether the contract(s) at issue complied with this

25  provision is a matter for trial or summary judgment.

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 11, 20) are DENIED.

3          IT IS SO ORDERED.

4    Dated this 15th day of October, 2013.

5                                                            _____
                                                              ROBERT C. JONES
6                                                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25