**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel.: (702) 255-1718
Fax: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITE HERE HEALTH, *et. al*,<br><br>Plaintiffs,<br>vs.<br><br>PARBALL CORPORATION, *et. al*,<br><br>Defendants. | CASE NO.: 2:13-cv-00802-RCJ-NJK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date:  N/A<br>Time:  N/A |

   Plaintiffs and the Defendants executing this Stipulated Protective Order ("Stipulating Parties"), each acting by and through their respective counsel, do hereby stipulate and request the Court's entry of an order protecting the confidential nature of certain personnel and business records, as well as other confidential information of the Stipulating Parties and certain non-parities subpoenaed to produce documents and/or deposition testimony, including but not limited to Carlos and Charlies Las Vegas, LLC, identified as: personnel, personal, medical and benefit information of current and former employees who are not parties to this litigation; proprietary and/or other business information not generally known to the public or otherwise reasonably ascertainable by a member of the public that would be of an economic or strategic value to business competitors related to leasing arrangements and internal business operations, processes and procedures, labor/employee relations information, employee benefit contribution information, employee compensation, payroll information; non-public filings and information provided to local, state and federal agencies; sensitive information implicating non-party privacy

rights and/or that may be protected by law, including social security numbers and dates of birth; and other business information that a non-party subpoenaed to produce documents and/or deposition testimony considers and identifies to the particular Stipulating Party seeking production of such information in this case as constituting trade secrets, proprietary information, confidential information, sensitive information and/or information not generally known to the public or otherwise reasonably ascertainable by a member of the public that would be of an economic or strategic value to business competitors (hereinafter "Confidential Materials").

WHEREAS, the Confidential Materials sought and to be sought by the Stipulating Parties in this action (the "Litigation") may contain sensitive, confidential, financial, and/or private information as set forth in the preceding paragraph; and

WHEREAS, the Stipulating Parties wish to proceed with seeking and/or producing Confidential Materials in the course of discovery with suitable assurances of confidentiality to the producing party, whether the producing party is a party to this case or a non-party.

NOW, THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound hereby, it is stipulated among the Stipulating Parties that the above-referenced documents will be produced subject to the following provisions:

1.  If a Stipulating Party produces to another Stipulating Party documents of their own and/or documents secured from non-parties by means of a subpoena *duces tecum* or any other means that contain Confidential Materials as defined above, that Stipulating Party may designate a document, or a portion of it, as "Confidential" before producing that document to the other party. Additionally, any non-party that produces documents to either Stipulating Party pursuant to a subpoena *duces tecum* that contain Confidential Materials as defined above, may designate a document, or a portion of it, as "Confidential" before producing it to the Stipulating Party. Such designation shall be made by marking, stamping or typing the words "Confidential" on the document at the time it is produced. Additionally, the Stipulating Parties or any non-parties subject to a deposition subpoena may designate deposition testimony as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the

time the testimony is given, and/or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the transcript or portion thereof containing the "Confidential" testimony.

   2. That the Confidential Materials, designated as discussed in Paragraph 1, be utilized only for the purposes of the above-captioned matter and not be disclosed to any persons other than the Stipulating Parties to this case, counsel of record for those Stipulating Parties, attorneys, legal assistants, clerical personnel or experts employed by them, and/or other persons to whom disclosure is necessary for purposes of this litigation;

   3. Should any pleadings, briefs, memoranda, or filings reference and/or include as an exhibit any portion of the Confidential Materials, said pleading, brief, memorandum, or filing will, if practical, be redacted so as to exclude all sensitive information. The Stipulating Parties agree to meet and confer with each other or with the non-party that has produced the Confidential Materials in advance of any such filing to determine an appropriate method of redaction. If an agreement as to redaction cannot be reached, the Confidential Materials will be filed under seal, pursuant to the United States District Court District of Nevada's CM/ECF system, with the Court to protect the integrity of said information;

   a. In the event that one of the Stipulating Parties file document(s) containing Confidential Materials under seal (hereinafter also, "sealed filing") as set forth in Paragraph 3 above, the Stipulating Parties agree that that they will file such Confidential Materials under seal pursuant to LR 10-5(b) and will, pursuant to that rule, accompany the sealed filing with a motion for leave to file the documents under seal (hereinafter "application to seal"). The Stipulating Parties agree that after submitting a sealed filing that contains Confidential Materials produced by a non-party, the Stipulating Party that filed the Confidential Materials will serve the non-party by e-mail or hand delivery with a copy of the sealed filing along with any exhibits and the application to seal. Thereafter, the non-party will have twenty-one (21) calendar days to file a joinder to the application to seal to support the sealed filing remaining under seal, although the Stipulating Parties and non-party may stipulate for or the non-party may move for an extension

of this deadline. Any application to seal and joinder thereto must meet the standards set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006).

4. That upon completion of this case, either through settlement or after trial and any related appeal, the Stipulating Parties shall either return to the producing party, or the non-party from which the Confidential Materials originated, all originals and copies made of the above-referenced Confidential Materials, whether originals or copies are held by the specific Stipulating Party, their counsel, or their experts or witnesses that maybe testifying on that Stipulating Party's behalf, or destroy all originals and copies; and

5. That any party to this case who, subsequent to the entry of this Stipulated Protective Order, seeks copies of the Confidential Materials, shall be provided the above-referenced documents only after such party agrees to be bound by the terms of this Stipulated Protective Order by signing a copy and providing it to all other parties that have executed it.

6. Stipulating Parties agree that any non-party that produces Confidential Materials subject to this protective order has standing to seek relief from the Court to ensure compliance with requirements of this protective order.

7. Nothing in this Stipulated Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

8. Nothing in this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Stipulated Protective Order.

///
///
///
///
///
///
///

1 | Dated: November 5, 2013.

2 | CHRISTENSEN JAMES & MARTIN      LITTLER MENDELSON, P.C.

3 | By: /s/ Wesley J. Smith      By: /s/ Dustin L. Clark
4 | Wesley J. Smith, Esq.      Dustin L. Clark, Esq.
  | Nevada Bar No. 11871      Nevada Bar No. 10548
5 | 7440 W. Sahara Avenue      3960 Howard Hughes Pkwy, Suite 300
  | Las Vegas, Nevada 89117      Las Vegas, Nevada 89169
6 | Tel: (702) 255-1718      Tel: (702) 862-8800
  | Fax: (702) 255-0871      Fax: (702) 862-8811
7 | Email: wes@cjmlv.com      Email: dclark@littler.com
  | *Attorneys for Plaintiffs*      *Attorneys for Defendants*
8 |

9 |
10 | IT IS SO ORDERED
11 | _____
   | United States Magistrate Judge
12 | Dated: November 6, 2013
13 |

14 | SUBMITTED BY:

15 | CHRISTENSEN JAMES & MARTIN

16 | By: /s/ *Wesley J. Smith*
17 | Wesley J. Smith, Esq.
   | *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I am an employee of Christensen James & Martin. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ **ELECTRONIC SERVICE:** Pursuant to Local Rule LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☒ **UNITED STATES MAIL:** By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

Edwin A. Keller, Jr. Esq.
Timothy W. Roehrs, Esq.
Kamer Zucker Abbott
3000 W. Charleston Blvd., Suite 3
Las Vegas, NV 89102
*Attorneys for Carlos and Charlies Las Vegas, LLC*

☐ **OVERNIGHT COURIER:** By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed below at their last-known mailing address.

☐ **FACSIMILE:** By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

Christensen James & Martin

By: /s/ Natalie Larson